## C. R. WILLIAMS V. THE STATE.

No. 17346.   Delivered January 2, 1935.
On Motion to Reinstate February 6, 1935.

38

The opinion states the case.

*Thomas B. Ridgell,* of Dallas, and *Bismark Pope,* of Laredo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for forgery; punishment, two years in the penitentiary.

We find with the record in this case an affidavit in proper form asking that appellant be permitted to withdraw his appeal. The request is granted. The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE.

HAWKINS, JUDGE.—Judgment of conviction was entered on the 15th day of June, 1934; the date of sentence is the 18th day of June; notice of appeal was entered on same day sentence was pronounced, and eighty days' granted for filing statement of facts and bills of exception. On July 19, 1934, time was extended to ninety days. The bills of exception were filed on September 10, 1934. The transcript was filed in this court on November 8, 1934; his affidavit advising that he desired to have his appeal dismissed, was filed in this court on December 10, 1934, and the order of dismissal was entered on January 2, 1935. In his motion to dismiss is found the following: "The appellant shows that in the lower court, and upon that appeal he was unable to pay for the statement of facts and the motion or affidavit made asking and requiring same was refused and denied by the court and therefore no statement of facts is filed in this record, and under those circumstances this appellant desires *regardless* to abandon the appeal and dismiss this appeal and that the judgments of the lower court, in which he was convicted may be made final."

At the time such motion was made appellant and his counsel

knew no statement of facts was on file, and they were charged with knowledge of the effect thereof, and also with notice that if appellant had been deprived of a statement of facts without fault on his part it was a matter which this court would relieve against if properly called to the Court's attention and verified. The only reference to an absence of statement of facts is found in the motion to dismiss the appeal. No affidavit requesting a statement of facts is found in the transcript, nor any order of the trial court regarding same. Appellant now comes by a motion filed January 10, 1935, and supported by nothing save his own affidavit, asks this court to reinstate his appeal on the ground that he has been advised since its dismissal that there is on file in the court below a statement of facts which has been approved, but which he says in his affidavit "is not to be delivered unless paid for." If there was any controversy in the court below about the statement of facts we are not informed of the merits thereof. The effect of appellant's motion asking reinstatement of his appeal is that if the court will make such order then he will now undertake— nearly six months after his trial—to get a statement of facts. This court sees no good reason for such further contingent delay.

The motion to reinstate is overruled.

*Overruled.*